## MEANEY v. YOYZIAN.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

EVIDENCE ☞317(1)—ADMISSIBILITY—CONVERSATIONS.

　　Conversations between plaintiff and her son in defendant's absence as to a transaction with defendant in suit are inadmissible.

　　[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1174; Dec. Dig. ☞317(1).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Catherine Meaney against Soekis Yoyzian. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Sidney S. Levine, of New York City, for appellant.
Samuel Weinreb, of New York City, for respondent.

PHILBIN, J. The defendant appeals from a judgment rendered in favor of the plaintiff for $4 damages and $1 costs. The parties appeared in court without attorneys, and the court conducted the examination of the witnesses. The plaintiff testified that she gave her 10 year old son $5, with instructions to go to defendant's store and purchase 3½ pounds of rice. When he came home, after being absent

only about 15 minutes, he handed her but 77 cents. She inquired, and he said that that was all defendant returned to him after he gave defendant the $5 bill. The boy testified that he handed the defendant the money, that he told him it was a $5 bill, and that he received the rice and only 77 cents change. He asked for the balance, and defendant said he had been given but a $1 bill. The defendant testified that the bill received by him was only a $1 bill.

The importance of this case is not to be measured by the comparatively insignificant sum involved, for there is also involved, practically, a charge of larceny against the defendant. Unless it appears that plaintiff has sustained her cause of action by a clear preponderance of proof, the defendant, a reputable business man of eight years' standing, will suffer a grave wrong, should the judgment be allowed to stand. The plaintiff's proof rested entirely upon the testimony of her little son, so far as the immediate transaction with the defendant was concerned. Her testimony was material only as tending to show that the boy did receive from her the $5 bill. Although the court allowed the widest latitude in the introduction of evidence, there was nothing said explaining why it was necessary to give the child money in such a comparatively large denomination for a purchase of a few cents worth of commodities. The plaintiff was in that station in life where bills of that size are not commonly kept in the house, and the use of one for the purpose in question was not an ordinary thing. While the court apparently used its best endeavors to get the facts, it must be remembered that the child's story was not subjected to the test of cross-examination. It may well be inferred from the nature of the testimony that the latter might not have been able to fully withstand cross-examination by an attorney for the defendant.

The denial by the defendant of the testimony of the plaintiff and her son was supported by the inherent probabilities of the statements made by him, and which, among other things, showed that there had been unfriendliness between him and the plaintiff because of a refusal of credit to the latter. The court permitted testimony to be given as to conversations between the plaintiff and her son, taking place in the absence of defendant. This was clearly error, and in view of the close contest on the questions of fact must be regarded as having operated to the defendant's prejudice. I think that in all the circumstances the appellant is entitled to have the judgment reversed.

Judgment reversed, and new trial ordered, without costs. All concur.